UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICK DONAHUE, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO.  3:11-cv-656(CFD) |
| : | |
| CONNECTICUT DEPARTMENT OF : | |
| CORRECTION, : | |
|     Defendant. : | |

**INITIAL REVIEW ORDER**

The plaintiff, Patrick Donahue, is currently incarcerated at Osborn Correctional Institution in Somers, Connecticut.  He has filed a complaint *pro se* under 42 U.S.C. § 1983 naming the Connecticut Department of Correction as the only defendant.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*.  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).   A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or  'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Donahue alleges that on April 2, 2011 at 9 p.m., prison officials advised him that the water being piped into his cell was contaminated.  He had been drinking water from the faucet in his sink earlier that day.  On April 4, 2011, Donahue began to feel nauseous and experienced stomach cramping.  He went to the medical department at 12:30 a.m. on April 5, 2011.  He claims that he had to wait for two hours to be taken to the medical department after he first started to complain that he felt sick.  Donahue contends that the Department of Correction was negligent in failing to tell him sooner that the water was contaminated.  He requests damages for pain and suffering.

It is well-settled that neither a state nor a state agency is a "person" within the meaning of section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).  Like other state agencies, the Department of Correction is not a person within the meaning of section 1983.  *See Fisher v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); *Santos v. Department of Correction*, No. 3:04cv1562 (JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (holding that Connecticut Department of Correction is not a person under section 1983).  All section 1983 claims against the Connecticut Department of Correction are dismissed as lacking an arguable legal basis. *See* 28 U.S.C. § 1915A(b)(1).

Donahue's claims regarding his conditions of confinement and medical care also fail to state a claim upon which relief may be granted. He alleges that Department of Correction officials should have informed him sooner that the water in his cell was contaminated.

Prisoners' conditions of confinement must meet "minimal civilized measures of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). This means that prison officials must provide for inmates' basic human needs - e.g., food, clothing, shelter, medical care, and reasonable safety." *DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989). A plaintiff must demonstrate both that he is incarcerated under conditions that pose a substantial risk of serious harm and that the defendant prison officials possessed culpable intent, that is, the officials knew that the inmate faced a substantial risk to his health or safety and disregarded that risk by failing to take corrective action. *See Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994). Allegations constituting mere negligence are not cognizable under section 1983. See *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996).

Although potable water constitutes a basic human need, Donahue does not allege any facts to suggest that any Department of Correction employees were aware of the contamination of the water prior to the date and time they informed inmates not to drink it. Donahue concedes that as soon as they informed the inmates that the water was contaminated, they brought in fresh water and food from other facilities for the inmates to drink and eat. Thus, Donahue has not met the subjective component of the Eighth Amendment standard and his conditions of confinement claim is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

Donahue also claims that he felt nauseous and had some stomach cramping at 10:30 p.m. on April 4, 2011, but was not permitted to go to the medical department immediately after he informed prison officials of his symptoms. He was seen in the medical department two hours later, at 12:30 a.m.

Deliberate indifference by prison officials to a prisoner's serious medical need constitutes cruel and unusual punishment in violation of the Eighth Amendment. See *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To prevail on this claim, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference" to his serious medical need. *Id.* at 106. He or she must show intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel. *See id.* at 104-05.

Mere negligence will not support a section 1983 claim; "the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation," *id.*; the conduct complained of must "shock the conscience" or constitute a "barbarous act." *McCloud v. Delaney*, 677 F. Supp. 230, 232 (S.D.N.Y. 1988) (citing *United States ex rel. Hyde v. McGinnis*, 429 F.2d 864 (2d Cir. 1970)).

There are both subjective and objective components to the deliberate indifference standard. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994), *cert. denied sub nom. Foote v. Hathaway*, 513 U.S. 1154 (1995). Objectively, the alleged deprivation must be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The condition must produce death, degeneration or extreme pain. *Hathaway v. Coughlin*, 99 F.3d 550, 553

(2d Cir. 1996). The defendant must have been subjectively actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions. *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006).

.      Donahue's complaints of nausea and stomach cramps do not constitute a serious medical need. *See, e.g., Watkins v. Trinity Serv. Group, Inc.*, 2006 WL 3408176, at *4, *6 (M.D. Fla. Nov. 27, 2006) (holding that diarrhea, vomiting, cramps, nausea and headaches from eating spoiled food was not sufficiently serious); *Ross v. McGinnis*, No. 00-CV-0275E(SR), 2004 WL 1125177, at *10 (W.D.N.Y. Mar. 29, 2004) (holding that complaints of abdominal pain, vomiting, heartburn, constipation, and extreme body heat do not constitute a serious medical need); Maurice v. N.Y.C. Dep't of Corr., No. 93-CV-6008(JFK), 1997 WL 431078  at *3 (S.D.N.Y. July 30, 1997) (holding that prisoner's "stomach cramps, sweating and nausea," resulting from consumption of food to which he had an allergy, did not constitute a serious medical need). Even assuming a serious medical need, the plaintiff's allegation that he was not permitted to go to the medical department immediately does not demonstrate deliberate indifference to his medical need. Donahue's claims of a short delay in medical treatment fail to state an Eighth Amendment claim and are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against the defendant are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966) (holding that, where all federal claims have been dismissed before trial, pendent state claims should be

dismissed without prejudice and left for resolution by the state courts). If the plaintiff chooses to appeal this decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3)(2000).

(2) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint and this Initial Review Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(3) The Clerk is directed to enter judgment for the defendant and close this case.

**SO ORDERED.**

Dated this 16th day of September, 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
Christopher F. Droney
United States District Judge